UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2002 DEC 10 PM 4:32
[stamp] U.S. CLERK'S OFFICE
BY: _____ DEPUTY

| | |
|---|---|
| *e*ClickMD, Inc.,<br>   *Plaintiff*<br><br>v.<br><br>OXFORD VENTURE PARTNERS, L.L.C.,<br><br>  and<br><br>KARIM RAJANI<br>   *Defendants* | §§§§§§§§§§§    CAUSE NO. A 01 CA 599 SS |

## BRIEF IN SUPPORT OF MOTION FOR TURNOVER

**TO THE HONORABLE COURT:**

*e*ClickMD, Inc., referred to in this brief as Movant, applies for an order to aid the satisfaction of a judgment rendered by the Court in favor of Movant and against **OXFORD VENTURE PARTNERS, L.L.C., and KARIM RAJANI**, referred to as Defendants, and pursuant to FRCP Rule 69 and Tex.Civ.Prac.&Rem Code §§31.001 et seq. as grounds for the order shows:

### A. The District Court has Jurisdiction to Enforce its Judgments.

1.  It is long settled that the federal courts may utilize their powers to enforce judgments even after a judgment has been appealed. A "district court maintains jurisdiction as to matters not involved in the appeal." *Farmhand, Inc. v. Anel Eng'g Indus.*, 693 F.2d 1140, 1145 (5th Cir.1982). *accord Alberti v. Klevenhagen,* 46 F.3d 1347, 1358 (5th Cir.1995) Additionally, "[t]he district court maintains jurisdiction for other matters, such as ordering stays or modifying injunctive relief." *Farmhand,* 693 F.2d at 1145-46; *accord Alberti,* 46 F.3d at 1358. Further, a

district court has continuing jurisdiction in support of its judgment, and " '[u]ntil the judgment has been properly stayed or superseded, the district court may enforce it through contempt sanctions.' " *Alberti,* 46 F.3d at 1358 (quoting *United States v. Revie,* 834 F.2d 1198, 1205 (5th Cir.1987), *cert. denied,* 487 U.S. 1205, 108 S.Ct. 2845, 101 L.Ed.2d 882 (1988)).

B. **The District Court has the Authority to use the Texas Turnover Statute.**

2.  Rule 69 of the Federal Rules of Civil Procedure provides in pertinent part:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

3.  Recognizing the legitimate use of the Texas Turnover Statute, the Fifth Circuit has written that:

> The statute is the procedural device " 'by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process.' " *R.T.C. v. Smith,* 53 F.3d at 77 (quoting *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 224 (Tex.1991)). It allows the court to reach assets owned and subject to the control of a judgment debtor, even if those assets are in the hands of a third party. *Norsul Oil & Mining Ltd. v. Commercial Equip. Leasing Co.,* 703 S.W.2d 345, 349 (Tex.Ct.App.1985). A trial court's judgment as to whether issuance of a **turnover order** was justified is reviewed under an abuse of discretion standard and may be reversed only if the court has acted in an unreasonable or arbitrary manner. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991). A **turnover order**, even if "predicated on an erroneous conclusion of law, will not be reversed for abuse of discretion if the judgment is sustainable for any reason." *Id.* (citing *Buttles v. Navarro,* 766 S.W.2d 893, 894-95 (Tex.Ct.App.1989)).

C. **Turnover of the eClick Stock to the Judgment Creditor is the Most Appropriate Remedy.**

4.  As a general rule, the courts will require the subject property be turned over to either a sheriff or a third party. *See Arndt v. National Supply Company,* 650 S.W. 547, 549 (Tex.App--Houston [14th Dist.] 1983, writ ref'd n.r.e.). However, the court has the authority to "(2) otherwise apply the property to the satisfaction of the judgment." Tex.Civ.Prac.&Rem. Code

§31.002 (b)(2). Where there is a readily ascertainable calculation of the value of the property to be offset against the judgment, the court may order that the property be delivered directly to the judgment creditor and a specific amount be offset against the judgment. *See, Associated Ready Mix, Inc. v. Douglass,* 843 S.W.2d 758 ,762 (Tex.App.--Waco 1992, no writ). "It is undisputed that the court has discretion under subsection (b) to determine how to use the property to satisfy the judgment." *Id.*

5.  As the court will recall, the evidence received at the hearing on damages made it very clear that this stock is very susceptible to market fluctuations caused by sales of large blocks of stock. The sales represented on Exhibit 9 from that hearing shows that sales of 200,000 plus shares resulted in a market crash driving the stock down from $1.07 to pennies per share. If the court were to order the shares sold on the market, the price would be depressed and the Defendants would not receive the maximum benefit of the shares. As requested by Plaintiff, delivery of the shares to eClick, with a corresponding credit will provide the maximum return to the Defendants, without causing further harm to the market cap of the Plaintiff.

D.  **The Turnover Order may Issue without Notice**

6.  The turnover statute does not provide for notice to a judgment debtor prior to entry of the order. *See Ex Parte Johnson,* 654 S.W.2d 415, 418 (Tex. 1983). Accordingly, the courts have held that notice or opportunity to be heard is not required by the statute. *See Ross v. 3D Tower, Ltd.* 824 S.W.2d 270, 272 (Tex.App.--Houston [14th Dist.] 1992, writ denied). The U.S. Supreme Court, speaking to the issue of notice in a New York garnishment action said it this way:

> "[T]he established rules of our system of jurisprudence do not require that a defendant who has been granted an opportunity to be heard and has had his day in court, should, after a judgment has been rendered against him, have a further notice and hearing before supplemental proceedings are taken to reach his

> property in satisfaction of the judgment. Thus, in the absence of a statutory requirement, it is not essential that he be given notice before the issuance of an execution against his tangible property; after the rendition of the judgment he must take 'notice of what will follow,' no further notice being 'necessary to advance justice.' (Citations omitted.). There is no more reason why the judgment debtor should be entitled to notice before the issue of an execution provided by statute as supplemental process to impound, in satisfaction of the judgment, choses in action due to him which cannot be reached by an ordinary execution. No established rule of our system of jurisprudence requires that such notice be given. On the contrary, it has been frequently held in the state courts that in the absence of a statutory requirement, it is not essential that the judgment debtor be given notice and an opportunity to be heard before the issuance of such garnishment." (Citations omitted.)

***Endicott-Johnson Corp. v. Encyclopedia Press, Inc.,*** 266 U.S. 285, 288-89

7.  In this instance, the Judgment Debtors have demonstrated a willingness to take what does not belong to them. Even the Defendants have not argued with much conviction that the eClick stock belongs to them. It is appropriate for them to deliver the stock and receive a credit for the market value of the stock on the date of its return.

WHEREFORE, Movant requests of the Court:

1. Without hearing or response from the Defendants:

   a. Order Defendants to deliver to Plaintiff all of the eClick stock in the possession of Defendants, receiving in return a credit against the judgment for all such shares based on the close price for the stock on the date of receipt by Plaintiff;

or in the alternative,

   b. Order Defendant to turn over and deliver to the Travis County Sheriff, without delay, all of the eClick stock in the possession of Defendants and all documents relating to or evidencing Defendant's interest in that property; and
   c. Direct and empower the Sheriff to possess, control, and deal with the property as set out in this motion or otherwise so as to apply the property toward satisfaction of Movant's judgment.

2. In the alternative and provided that the court does not order immediate turnover of the property, order Defendants, together with their respective officers, agents, employees, attorneys, and all others in active concert or participation with them, be enjoined and

restrained, until the stock is delivered pursuant to a turnover order or until the judgment is paid or satisfied in full, from any of the following:

 (a) the sale, transfer or encumbrance of any of the shares of eCLICK stock which were delivered to Defendants by eCLICK; and

 (b) collaterallizing any short sale of eCLICK stock using the shares of stock delivered to Defendants by eCLICK;

3. Render judgment against Defendant in favor of Movant for attorney's fees as requested, together with interest as allowed by law, costs of suit, and such other and further relief as to which Movant may be entitled.

       Respectfully submitted,

       **BLAZIER, CHRISTENSEN, BIGELOW & VIRR, P.C.**
       221 W. 6th Street, Suite 1500
       Austin, Texas 78701
       (512) 476-2622
       (512) 476-8685 FAX

       By: _/s/ Paul K. Browder_
       Paul K. Browder
       State Bar No. 03087950
       ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon Mr. John McFerrin-Clancy, 26 Broadway, 19th Floor, New York, New York 10004 on this the 10th day of December, 2002 by certified mail return receipt requested.

*Paul K. Browder*
Paul K. Browder

C:\Paul's Documents\eClick-Oxford research\eClick-Oxford brief on Motion for Turnover.doc